IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ANDREA MARTINEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-06135-FJG |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**Plaintiff's Suggestions in Opposition to Defendants' Motion to Stay**

Defendant Ronnet Sasse moved under Fed. R. Civ. P. 12(c) for judgment on the pleadings, asserting that the claims against her are barred by qualified immunity. (ECF No. 52.) The Court denied her motion. (ECF No. 66.) In that same order, the Court extended certain case deadlines and granted Plaintiff's request for a week after the ruling to serve her written responses to Defendant United States' voluminous written discovery requests. In accordance with the Court's order, Plaintiff timely served her responses. (*See* ECF No. 68.) Shortly thereafter, Sasse filed a notice of appeal seeking interlocutory review of the Court's qualified immunity determination on the claims against her. (ECF No. 69.) Based on that appeal, all three Defendants filed a joint motion to stay all proceedings in this Court, including discovery and all other pre-trial proceedings on aspects of the case that are not involved in the appeal. (ECF No. 72.)

The district court should not stay proceedings at this time because (1) the case is in its early stages with substantial discovery and other pre-trial proceedings remaining on claims not involved in the appeal, (2) the outcome of Sasse's appeal will have no bearing on the claims against Chase and the United States, which are legally distinct, and (3) Sasse is a key eyewitness

who will have to participate in discovery regardless of whether she remains a defendant. However, Plaintiff does agree that the trial date should be continued if the appellate court has not issued its decision when pre-trial proceedings are complete.

**I. THE COURT SHOULD NOT STAY PRE-TRIAL PROCEEDINGS ON CLAIMS NOT INVOLVED IN SASSE'S APPEAL.**

Defendants base their Motion on *Johnson v. Hay*, 931 F.2d 456 (8th Cir. 1991). There, a stay was not at issue. The Eighth Circuit, however, pointed out that the district court had "continued the trial" and added a footnote to explain the reasons why the continuance of the trial was appropriate. 931 F.3d at 459 and n.2. Defendants assert, in the first sentence of their Suggestions in Support, that the footnote said: "Once a notice of appeal has been filed in a case in which there has been denial of a [dispositive] motion raising the issue of qualified immunity, the district court should stay its hand." (SiS. at 1.) In fact, the court of appeals stated:

> Once a notice of appeal has been filed in a case *in which there has been denial of a summary judgment motion raising the issue of qualified immunity*, the district court should then stay its hand. Jurisdiction has been vested in the court of appeals and the district court should not act further.

*Id.* (emphasis added).

Here, Sasse appeals not from the denial of a motion for summary judgment, but from the denial of her Motion for Judgment on the pleadings. The distinction is critical. A motion for judgment on the pleadings and a motion for summary judgment come at very different points in the litigation process: one typically before discovery and the other typically after discovery has been completed. It makes sense that the district court should decline to act after it has decided a summary judgment motion when the next stage after that point is trial. As the *Johnson* court pointed out, qualified immunity is a benefit whose protection is "effectively lost if a case is erroneously permitted to go to trial." *Johnson*, 931 F.2d at 539 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). But that is not the posture of this case.

Defendants also rely on a Tenth Circuit case that explains why a district court should typically stay proceedings after notice of appeal has been filed as to qualified immunity following summary judgment. *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990). The explanation is useful because it underscores why a summary judgment motion is distinct from other dispositive motions filed pre-discovery, such as Rule 12(b)(6) and Rule 12(c) motions:

> When the interlocutory appeal is from . . . the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right *not to have to proceed to trial*. The interruption of the *trial proceedings* is the central reason and justification for authorizing such an interlocutory appeal in the first place. When an interlocutory appeal is taken, the district court only retains jurisdiction to proceed with matters not involved in that appeal. Therefore, in such cases the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right *not to have defend the prosecution or action at trial*.

*Id.* at 575–76 (internal brackets, quotation marks, and citation omitted; emphasis supplied).

Plaintiff agrees that trial should not take place while Sasse's appeal is pending. But discovery will be required no matter what happens in her appeal, and nothing in the doctrine of qualified immunity protects Sasse from having to participate in appropriately focused discovery related to the other claims. *Behrens*, 516 U.S. at 312 ("right to [qualified] immunity is a right to immunity *from certain claims*, not from litigation in general"). That discovery will look very much the same whether Sasse is a party or a nonparty: the only difference a stay will make is whether it will happen now or later. Like any other party or nonparty, Sasse will remain free to seek a protective order if she believes she is being subjected to discovery requests that are unduly burdensome or otherwise inappropriate.

## II. THE COURT RETAINS JURISDICTION OVER CLAIMS NOT INVOLVED IN SASSE'S APPEAL.

Defendants argue: "Officer Sasse appealed an order denying her qualified immunity, so the case should plainly be stayed. Because the notice of appeal divests a district court of jurisdiction, such a stay is automatic." (SiS at 3.) That is incorrect. A notice of appeal divests the district court of jurisdiction only "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); accord *Chambers v. Pennycook*, 641 F.3d 898, 903 (8th Cir. 2011).[1]

Because appellate courts typically consider final judgments, the district court is usually divested of all jurisdiction: when the district court is done acting, the appellate court begins acting. However, when it comes to the interlocutory appeal of a collateral order—like the denial of qualified immunity—the district court retains jurisdiction over any aspects of the case not involved in the appeal. *Griggs*, 459 U.S. at 58; *Chambers*, 641 F.3d at 903. A stay while an interlocutory appeal is pending under the collateral-order doctrine, therefore, is *not* automatic. *See M.G. v. Metro. Interpreters & Translators, Inc.*, 2013 WL 690833, at *2 (S.D. Cal. Feb. 26, 2013) ("the Court is not convinced an automatic stay of all discovery is required in every case in which a defendant raises a claim of immunity. Rather, the Court should consider the nature of the case and the extent to which proceeding with discovery as to other parties likely would prejudice the stayed defendants, the impact on other parties and the court").

---

[1] Defendants recognize this point elsewhere in their Suggestions in Support. (SiS. at 2.)

### III. COURTS DO NOT STAY PROCEEDINGS ON CLAIMS THAT ARE NOT INVOLVED IN A QUALIFIED IMMUNITY APPEAL.

In *Johnson*, appellant Hay was the only defendant. There were no claims in the action that were not involved in the appeal. Where there are defendants and claims not involved in a qualified immunity appeal, courts permit pre-trial matters to proceed.

In *Mendia v. Garcia*, 2016 WL 3249485 (N.D. Cal. June 14, 2016), the Northern District of California considered a global motion to stay in a posture almost identical to that before this Court. There, the court granted plaintiff leave to file an amended complaint in which he asserted claims under *Bivens* against two federal employees and under the FTCA against the United States. Both individual defendants opposed the motion for leave, arguing that amendment was futile because they were entitled to qualified immunity, and appealed the court's order granting leave. Defendants then sought a stay pending resolution of the appeal. The court held that "while the Court agrees that Defendants are subject to a stay of discovery as to the specific claims against them, Defendants are still subject to discovery as witnesses related to the claims against the United States." *Id.* at *3; *see also id.* at *5.

Like the *Mendia* court, many other courts have denied requests to stay proceedings based on a pre-discovery interlocutory appeal on qualified-immunity grounds that will not resolve all the claims at issue even if it succeeds. *See In re Flint Water Cases*, 960 F.3d 820, 828 (6th Cir. 2020) (denying relief from discovery as to individuals with pending interlocutory appeal and commenting that "[e]ven if [the individuals] should be granted qualified immunity, the noticing parties would still request these depositions because, in their view, [those individuals] are key factual witnesses regarding other claims. The discovery at issue is not only suitably tailored to the situation, but also inevitable."); *Sweet v. City of Mesa*, 2018 WL 3633745, at *2 (D. Ariz. July 31, 2018) (denying "overly broad" motion for stay of discovery by litigant seeking qualified

immunity and pointing out that litigant would "have to participate in parts of this case and its discovery process even if his appeal is granted and he is provided qualified immunity"); *Nero v. Mosby*, 2017 WL 1048259, at *2 (D. Md. Mar. 20, 2017) ("The discovery contemplated in the instant case is not 'unnecessary,' nor would it cause irreparable injury, because almost all of the same claims have been asserted against [another individual], who has not appealed. Because [the appealing party] must, in any event, act as a witness in regard to facts relating to claims against [the non-appealing party], she will not suffer irreparable injury and a stay would only delay any discovery-related burden on her."); *Stumpf v. City of Dallas*, 2016 WL 10749149, at *1–2 (N.D. Tex. May 25, 2016) (staying discovery pending appeal against an individual defendant asserting qualified immunity claims, but allowing discovery against a municipality to proceed as to other remaining claims, "even if the discovery overlaps with discovery regarding the section 1983 claim on appeal."); *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014) ("The court can think of no legal reason why discovery and pretrial matters may not proceed with respect to [the claims not being appealed on qualified-immunity grounds]. ... [E]ven if the Fifth Circuit were to grant [him] qualified immunity ... he would necessarily be required to testify on behalf of the City regarding [those claims]. ... Whether [he] is subjected to discovery on these counts now or after the resolution of qualified immunity is quite beside the point."); *Martin v. Naval Criminal Investigative Service*, 2013 WL 2896879, at *11 (S.D. Cal. 2013) (allowing certain depositions to proceed and noting that "even if qualified immunity is granted to [appealing defendants seeking immunity], those individuals are subject to deposition as non-parties on claims arising from the same set of factual allegations underlying the *Bivens* claims, including Plaintiff's FTCA claims for damages and her First Amendment claim for injunctive relief" and citing *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (explaining

that the "right to [qualified] immunity is a right to immunity *from certain claims*, not from litigation in general")); *Seeds of Peace Collective v. City of Pittsburgh*, 2010 WL 2990734, at *3 (W.D. Pa. July 28, 2010) (denying a stay where individual defendants seeking qualified immunity would have to participate in discovery as material witnesses and noting that the requested stay would therefore not protect them from burdens of litigation even if they are entitled to qualified immunity); *Rhodes v. Prince*, 2008 WL 4493590, at *1–2 (N.D. Tex. Oct. 3, 2008) (denying motion to stay pending appeal of qualified immunity to individual defendants where defendants would be fact witnesses to plaintiff's remaining claim against the city); *Butler v. McDonough*, 2006 WL 2583701 (M.D. Fla. Sept. 7, 2006) (granting stay of discovery as to defendant who appealed order denying motion to dismiss based on qualified immunity but denying motions to stay discovery filed by other defendants and commenting that "[t]his case is nearly two years old and is only at the pleadings stage. Further delay is not countenanced by the appeal taken by only one of [many defendants]").

As in those other cases, there are legally distinct claims here that will not be resolved by Sasse's appeal: the *Bivens* claims against Chase and the FTCA claims against the United States. Sasse's assertion of qualified immunity presents no defense to those claims, even though they may have common underlying facts. They are not "aspects of the case involved in" Sasse's appeal. *Griggs*, 459 U.S. at 58. Indeed, not even all the bases for liability as to Chase and Sasse are the same. Only Chase is alleged to have illegally held Plaintiff hostage in a locked room, seized her cell phone, and refused her medical attention. As a key witness to those events, however, Sasse will be required to participate in discovery at some point no matter how her qualified immunity appeal is resolved. Since this Court retains jurisdiction over the claims against Chase and the United States (because they are not aspects of the case involved in Sasse's

appeal), there is no reason the Court should postpone discovery on those claims. Rather, in the interest of judicial economy, it should permit discovery to proceed before memories degrade further—especially given the length of time this 2019 case (related to an incident that occurred in June 2018) has already been pending.

## IV. THE CASES CITED BY DEFENDANTS ARE INAPPOSITE.

None of the Western District of Missouri cases cited by Defendants involves a pre-discovery appeal seeking qualified immunity filed by a single individual who will have to participate in discovery regardless of the disposition of her appeal. *Root* involved official immunity, and the Court ordered a full stay partly "in order to prevent further prejudicing the Plaintiff." *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp.2d 1086, 1092 (W.D. Mo. 1999). In *Nunley*, the State sought to vacate a stay of execution while the condemned appealed the denial of a habeas petition. *Nunley v. Bowersox*, 2014 WL 970079, at *2 (W.D. Mo. March 12, 2014). In *Wright*, the stay was unopposed. Further, the stay occurred after some discovery occurred, many motions to dismiss had been brief, and at least one amended complaint had been filed. *Wright v. United States*, No. 10-cv-01220-SWH (W.D. Mo. Jan. 9, 2013). Instead of looking to these procedurally distinct cases, the Court should consider the specific circumstances of this case and the many cases cited above that are more on point, including *Mendia*.

In addition, Defendants' *Iqbal*-based argument has been repeatedly rejected by district courts. Defendants advocate for an overly broad interpretation of an *Iqbal* dictum that a close reading does not support. *See, e.g.*, *Weaver v. Stroman*, 2020 WL 3545655, at *2–3 (W.D. Tex. June 30, 2020) ("*Iqbal* does not mandate a global stay of discovery, and district courts have interpreted the opinion as balancing the goal of protecting parties from disruptive discovery with the interest of progressing the case towards resolution. *Iqbal* does not stand for the idea that *all discovery* for *all defendants* must be stayed while waiting for resolution of qualified immunity. . .

8

. The *Iqbal* court did not hold, nor imply, that district courts no longer have discretion to determine a stay of discovery pending claims of qualified immunity."); *Seeds of Peace*, 2010 WL 2990734, at *3 ("Contrary to defendants' argument, the Supreme Court's dicta regarding whether or not to relax pleading requirements in *Iqbal*, . . . does not require this court to stay all discovery, as to all claims, where an appeal of the denial of a motion to dismiss some claims based upon qualified immunity is pending."). Like other district court's, this Court should not accept the invitation to misapply *Iqbal* to prejudice Plaintiff's opportunity to conduct timely discovery.

In short, Sasse's appeal, even if successful, will not resolve the claims against Chase and the United States. Because they are not aspects of the case involved in Sasse's appeal, this Court retains jurisdiction over those claims. Thus, regardless of the outcome of Sasse's appeal, discovery will occur; and, regardless of whether Sasse is a party, she will have to participate. There is no reason to delay discovery further by staying the proceedings at this point. The Court should deny Defendants' motion for a global stay at this time and revisit their request at the close of discovery.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827
Jessie Steffan, #64861
Molly Carney, #70570
Kayla DeLoach, #72424
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, MO 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
arothert@aclu-mo.org
jsteffan@aclu-mo.org
kdeloach@aclu-mo.org

Gillian R. Wilcox, #61278
ACLU of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, MO 64111
Phone: (816) 470-9933
Fax: (314) 652-3112
gwilcox@aclu-mo.org

J. Emmett Logan
Stinson LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Phone: (816) 691-2745
Fax: (816) 412-1250
elogan@stinson.com

*Attorneys for Plaintiff*

**Certificate of Service**

I certify that a copy of the foregoing was filing electronically on April 19, 2021, and delivered by operation of the Court's CM/ECF system to all counsel of record.

/s/ Anthony E. Rothert