# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| ANDREA MARTINEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-06135-CV-W-FJG |
| UNITED STATES OF AMERICA, ET AL., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Currently pending before the court is defendants' Joint Motion to Stay Pending Appeal (Doc. # 72) and defendants' request for a discovery dispute teleconference. On May 20, 2021, plaintiff served discovery requests on the United States and defendant Chase. Defendants state that they intend to move for a protective order on the same grounds as raised in their Motion to Stay Proceedings. On June 16, 2021, the Court held a teleconference with the parties regarding defendants' Joint Motion to Stay.

## I. BACKGROUND

This is a <u>Bivens</u> action brought against two Immigration and Control Enforcement officers for excessive force and unlawful search and seizure in violation of the Fourth Amendment. Andrea Martinez brings suit against the United States and Immigration and Customs Enforcement ("ICE") officers Everett Chase and Ronnet Sasse in their individual capacities pursuant to the FTCA . Martinez is an attorney who practices immigration law. In 2016, plaintiff represented a mother and her child who came to the United States seeking asylum. The claims in the Complaint arise from an incident that occurred on June 25, 2018 at the ICE Enforcement and Removal Operations facility.

On March 9, 2021, the Court issued an Order denying officer Ronnet Sasse's Motion for Judgment on the Pleadings. On March 29, 2021 Sasse filed a Notice of Appeal. Appellant has filed her brief with the Eighth Circuit, but briefing is not yet complete. Defendants filed a motion seeking to stay all discovery and any further proceedings in the case until defendant Sasse's appeal is resolved.

## II. STANDARD

"Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have broad discretion to stay discovery." Elder v. Gillespie, No. 3:19-cv-00155KGB, 2020 WL 2813524, *11 (E.D.Ark. May 29, 2020)(citing Steinbuch v. Cutler, 518 F.3d 580, 588 (8th Cir. 2008)). "However, a party who seeks a stay must demonstrate hardship or inequity attributable to being forced to move forward if there is a fair possibility that the requested stay will disadvantage someone else." Mallak v. Aitkin County, No. 13-CV-2119(DWF/LIB), 2015 WL 13187116, *6 (D.Minn. Oct. 14, 2015).

## III. DISCUSSION

Defendants argue that the Court should stay all further proceedings in the case for four reasons: 1) permitting the case to proceed would not preserve Sasse's qualified immunity claim; 2) proceeding would create the risk of inconsistent rulings; 3) the claims and defenses are related and intertwined and 4) Martinez will not be prejudiced by a stay of all proceedings. In opposition plaintiff states the Court should not stay the proceedings because 1) the case is in its early stages and discovery remains on claims not involved in the appeal; 2) the outcome of Sasse's appeal will have no bearing on the Bivens claims against Chase and the FTCA claims against the United States and 3) Sasse is a key eyewitness who will have to participate in discovery regardless of

2

Case 5:19-cv-06135-FJG   Document 82   Filed 06/16/21   Page 2 of 7

whether she remains a defendant.

Defendants state that filing a notice of appeal divests the district court of jurisdiction over the aspects of the case involved in the appeal and the Court should thus stay all the proceedings in the case to ensure preservation of the defendant's immunity. (Defendants' Suggestions in Support, p. 2). In <u>Millie Lacs Band of Ojibwe v. County of Millie Lacs, Minnesota</u>, No. 17-CV-05155 (SRN/LIB), 2021 WL 1400069 (D.Minn. Apr. 14, 2021), the court stated:

> As a general rule, "[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." <u>United States v. Ledbetter</u>, 882 F.2d 1345, 1347 (8th Cir. 1989)(quoting <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982)(per curiam)). . . .
> But the jurisdictional transfer principle is not absolute. Importantly, "the 'principle does not divest the district court of all jurisdiction-but rather, *only jurisdiction over the matters appealed.*'" <u>Follis v. Minnesota</u>, No. CIV. 08-1348(JRT/RLE), 2008 WL 5424127 at *3 (D.Minn. Dec. 29, 2008)(adopting report and recommendation)(quoting <u>Knutson</u>, 302 F.Supp.2d at 1031)(emphasis added).

<u>Id</u>. at *2.

Plaintiff has asserted five claims against three defendants in this action: Count I is a federal constitutional claim against defendants Chase and Sasse for excessive force; Count II is a federal constitutional claim against defendant Chase for unlawful search and seizure, Count III is a FTCA against the United States for assault and battery, Count IV is a FTCA claim against the United States for false imprisonment and false arrest and Count V is a FTCA claim against the United States for negligent infliction of emotional distress. Sasse was the only defendant which filed a motion for judgment on the pleadings on qualified immunity grounds and the only count in which

3

she is named as a defendant is Count I. Defendants state that if discovery proceeds before Sasse's immunity is resolved, she will effectively lose qualified immunity protection because the claims against the two officers are factually and legally inseparable. Defendants argue that Officer Sasse would need to monitor and participate in any discovery "to ensure that the case does not develop in a misleading or slanted way that causes prejudice to [her] position." Ashcroft v. Iqbal, 556 U.S. 662, 685-86, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). However, courts have found this to be an acceptable practice. In Mallak, 2015 WL 13187116 (D.Minn. Oct. 14, 2015), the Court found that the defendants who had asserted an appeal could informally attend and audit the depositions concerning plaintiff's claims against the other defendants. The Court found that "[t]his would permit the City and Appealing Defendants to make a well informed decision as to what supplemental discovery, if any, they might choose to do in the event the Interlocutory Appeal is denied." Id. at *7. Plaintiff states that although there are overlapping facts, not all the bases for liability as to defendants Chase and Sasse are the same. Plaintiff notes that only officer Chase was alleged to have illegally held plaintiff hostage in a locked room, seized her cell phone and refused her medical attention. Plaintiff argues that since the Court retains jurisdiction over the claims against Chase and the United States, there is no reason to postpone discovery on those claims.

      Defendants also argue that officer Chase has asserted qualified immunity as a defense and if he raises it by motion, he could be subject to one standard by this Court only to have the Eighth Circuit later establish or apply a different rule. The Court finds this to be a speculative argument, as Officer Chase has not yet filed any motion raising qualified immunity and Sasse's appeal could be resolved before Chase even files his

4

motion. The Court does not find that this justifies staying all discovery in this case. Defendants also argue that the claims and defenses in this case are related and intertwined and it will be difficult to proceed on some claims without prejudicing the issues on appeal. There are certainly some claims and defenses which overlap. However, there are other claims which are separate from Officer Sasse. She is named as a defendant in only one of the five counts. As discussed above, her counsel can informally attend and audit any depositions which are taken. Defendants argue that Martinez will not be prejudiced by a stay of all proceedings, as she does not allege ongoing harm or seek an injunction and her claims are for harm which has already occurred. The Court disagrees that plaintiff will not suffer any harm if a stay of all discovery and other proceedings were granted. Plaintiff filed her Complaint in October 2019 and while there has been some preliminary exchange of documents, it does not appear that any depositions have been scheduled or taken. Sasse appealed from the denial of a Motion for Judgment on the Pleadings, not from a Summary Judgment motion. Plaintiff argues that this distinction is critical because most of the discovery has not yet occurred in this case. Plaintiff argues that discovery will be required no matter what happens with Sasse's appeal and nothing in the doctrine of qualified immunity protects Sasse from having to participate in focused discovery related to the other claims. See Behrens v. Pelletier, 516 U.S. 299, 312, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)("right to [qualified] immunity is a right to immunity *from certain claims,* not from litigation in general."). The Sixth Circuit in the case In re Flint Water Cases, 960 F.3d 820 (6th Cir. 2020), considered a motion to stay filed by a group of defendants. These defendants had previously sought in the district court a stay of "*all* discovery across the

Flint Water Cases until their claims of immunity have been decided by this Court, the Sixth Circuit, and the United States Supreme Court, if necessary." Id. at 824. The district court granted in part and denied in part the motion to stay. The district court "recognized that the state defendants must be treated as though they are immune from the claims brought against them until they have exhausted their opportunities to appeal the district court's denial of their motions to dismiss based on immunity." Id. at 824. However, the district court found that the state defendants would "be treated as non-parties pending the outcome of their qualified immunity appeals." Id. The district court found that they were "subject to discovery requests only as non-party fact witnesses regarding wholly separate claims against other defendants." Id. The Sixth Circuit stated:

> In other words, the district court recognized that no discovery may be sought from the state defendants on the claims against them unless and until they are conclusively denied qualified immunity on their motions to dismiss. The district court carefully sculpted a discovery plan that afforded the state defendants their full entitlement to immunity, while permitting other parties to seek discovery from them as fact witnesses on wholly separate claims.

Id. at 826. The Sixth Circuit found that this type of discovery order "struck a balance" between the discovery needs of other defendants and the state defendants who sought qualified immunity. " Id. at 827. The Court noted that other courts had also followed this approach. See Mendia v. Garcia, No. 10-cv-03910-MEJ, 2016 WL 3249485 at *5 (N.D.Cal. June 14, 2016)("While discovery directed to Defendants as to the Bivens claims against them is inappropriate given their pending qualified immunity appeal, . . .limited discovery as to these Defendants is appropriate because regardless of whether they are entitled to qualified immunity, they will still need to [to] participate in discovery as percipient witnesses related to the FTCA claims against the United States."); Harris

v. City of Balch Springs, 33 F.Supp.3d 730, 733 (N.D.Tex. 2014)("The Court can think of no legal reason why discovery and pretrial matters may not proceed with respect to [the counts not being appealed on qualified-immunity grounds]." Id. at n.2. The Court agrees that this targeted approach strikes the correct balance. Therefore, the Court finds that discovery will be allowed to proceed as to the other defendants and claims which do not involve Sasse. Defendant Sasse shall not be subjected to any discovery with respect to the excessive force claims asserted against her in Count I, until her appeal of the qualified immunity issue has been resolved. The Court finds that defendants have not met their burden to show that they will suffer hardship or inequity if discovery is allowed to proceed as to those claims which are unrelated to defendant Sasse. Plaintiff on the other hand has shown that she will be disadvantaged if discovery is not allowed to proceed as to those claims.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Defendants' Motion to Stay Proceedings (Doc. # 72). Additionally, as discussed during the teleconference, defendants Chase and the United States are granted an extension of time - until June 28, 2021 to respond to plaintiff's discovery requests.

Date: June 16, 2021  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge