# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANDREA MARTINEZ, *Plaintiff*, v. UNITED STATES OF AMERICA, *Defendant*. | No. 5:19-cv-06135-FJG |

## SUGGESTIONS IN SUPPORT OF
## EXPEDITED MOTION FOR RULE 35 MENTAL EXAMINATION OF PLAINTIFF

The Court should enter an order compelling Plaintiff Andrea Martinez to submit to an independent mental examination in this suit pursuant to Federal Rule of Civil Procedure 35.

Rule 35(a) provides that a Court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). Once it is determined that good cause exists, the court must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). "Like other discovery rules, Rule 35 is to be broadly and liberally construed." *Stillman v. Wal Mart Stores East I, LP*, No. 4:18-CV-06037-DGK, 2019 WL 3291570, at *1 (W.D. Mo. Dec. 3, 2019). Courts in this district generally refuse to "micromanage" independent medical examinations. *See*, *e.g.*, *id.* at *2.

In *Stillman*—a traumatic brain injury case—Judge Kays found good cause for a mental examination. *Stillman*, 2019 WL 11851712, at *1. The parties in *Stillman* agreed that the *Stillman* plaintiff put his mental condition in controversy, so Judge Kays analyzed whether good

cause for the examination existed. *Id. Cf. Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013) (" 'Good cause' requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case."). The proposed examination in *Stillman* was expected to provide information, opinions, and conclusions relevant to the *Stillman* plaintiff's claims and damages. *Stillman*, 2019 WL 11851712, at *1. The *Stillman* plaintiff had his own proffered expert to offer opinions concerning plaintiff's mental condition. *Id.* Considering these facts, Judge Kays found good cause for the examination and ordered the independent examination to occur with limited conditions. *Id.* The Court should follow the same path in this case.

**Good Cause Exists for the Examination**

1. <u>Plaintiff has placed her mental condition in real and genuine controversy</u>

In this case, the proposed mental examination is expected to adduce specific facts relevant to Plaintiff's cause of action and damages. *See, e.g.*, Ex. A at 4 (providing a computation of the over four million dollars in damages Plaintiff seeks in this case, nearly all of which relates to Plaintiff's mental condition). Discovery of Plaintiff's mental condition is necessary to the United States' defense of this tort matter. In particular, the proposed independent mental examination by a psychiatrist is expected to adduce specific facts relevant to, *inter alia*, whether or which of Plaintiff's allegations in the Complaint proximately caused any damages; whether or to what extent Plaintiff has suffered damages; and Plaintiff's attempts to mitigate any damages.

The Complaint alleges that "[t]he officers used excessive force in pushing [Plaintiff] to the ground causing serious injury and emotional trauma." Doc. 1, ¶ 1. The Complaint also alleges that Plaintiff "sought and continues to receive counseling for the psychological and emotional trauma she suffered at the hands of [the officers]." *Id.* ¶ 64. Plaintiff asserts that she

2

"began seeing a psychologist for treatment associated specifically with this incident" and "has been diagnosed with post-traumatic stress disorder (PTSD)." Ex. B at 4. Plaintiff also has asserted that she suffered or suffers from "acute distress disorder." Ex. B at 1.

More specifically, the proposed mental examination is expected to adduce specific facts relevant to each remaining Federal Tort Claims Act count in the Complaint against the United States. *See* Doc. 101 (noting the remaining FTCA counts).

In Count III of the Complaint, Plaintiff asserts a claim against the United States for assault and battery. *Id.* ¶¶ 83–90. The Complaint alleges that "Plaintiff suffered damages, including physical injury and pain and emotional trauma, as a result of . . . Sasse and Chase's actions." *Id.* ¶ 90. Count III of the Complaint remains pending against the United States related to the alleged actions of former defendants Sasse and Chase. Doc. 101.

In Count IV of the Complaint, Plaintiff asserts a claim against the United States for false imprisonment and false arrest. Doc. 1, ¶¶ 91–96. The Complaint alleges that "Plaintiff suffered damages, including physical injury and pain and emotional trauma, as a result of Officer Chase's illegal detention and arrest of Martinez." *Id.* ¶ 96. Count IV of the Complaint remains pending against the United States related to the alleged actions of former defendant Chase. Doc. 101.

In Count V of the Complaint, Plaintiff asserts a claim against the United States for negligent infliction of emotional distress. Doc. 1, ¶¶ 97–104. The Complaint alleges that "Plaintiff suffered damages, including psychological and emotional trauma, as a result of Defendant Sasse and Chase's negligent infliction of emotional distress against her." *Id.* ¶ 104. Count V of the Complaint remains pending against the United States related to the alleged actions of former defendants Sasse and Chase. Doc. 101.

Courts have identified at least five independently sufficient bases for an independent mental examination. "[C]ourts have determined that in addition to a generic claim of emotional distress or mental anguish, one of the following conditions must be present to warrant a finding that the plaintiff's mental condition is 'in controversy': 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support such a claim; or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35." *Ornelas*, 292 F.R.D. 393–94 (citations omitted).

Plaintiff's mental condition is in controversy pursuant to at least four of the five independently sufficient bases identified in *Ornelas*. *See id.* First, Plaintiff brings a cause of action for negligent infliction of emotional distress. Second, Plaintiff alleges she suffers from post-traumatic stress disorder. Third, Plaintiff claims her PTSD is unusually severe in that she contends it will be lifelong and justifies millions of dollars in damages. Fourth, Plaintiff has designated a treating provider to offer expert testimony regarding her claims of PTSD. Under any legal test, Plaintiff has placed her mental condition "in controversy." *See id.*

Plaintiff has also placed her mental condition in controversy under a more general test recently applied by Judge Laughrey. Judge Laughrey analyzed the "in controversy" and "good cause" provisions of Rule 35 in two largely separate steps in *Ray v. Park*. Case No. 2:21-cv-4001-NKL, 2021 WL 4950842, at *2 (W.D. Mo. Sept. 24, 2021). Judge Laughrey interpreted the "in controversy" requirement under Rule 35(a) to mean that "the merits of an issue may turn on, or be directly affected, by the physical or mental condition of the party sought to be examined."

4

*Id.* In other words, the "in controversy" requirement is satisfied when the physical or mental condition of the party sought to be examined is relevant to a central element of a claim. *Id.* at *3. By seeking damages for mental conditions including PTSD and alleging a claim for negligent infliction of emotional distress, Plaintiff has put her mental condition in controversy. *See, e.g., Driver v. Midmark Corp.*, Case No. 4:13-cv-138-BCW, 2014 WL 12600283, at *2 (W.D. Mo. Jan. 6, 2014) (stating that complaint's allegations of plaintiff's PTSD and other psychological issues placed plaintiff's psychological health "squarely in controversy"). However, under Judge Laughrey's two-step test, "good cause" for an examination also requires a showing of need. *Ray*, 2021 WL 4950842, at *3. Here, the United States has a need for the mental examination. First, Plaintiff assigns significant monetary value to alleged damages relating to her mental condition; Plaintiff alleges far more than garden variety emotional distress. Second, the United States has no alternative way to obtain an independent examination of Plaintiff's mental condition. And third, Plaintiff has designated a treating provider for her mental condition as a trial expert.

2. <u>Plaintiff alleges more than garden variety emotional distress</u>

The proposed mental examination is also necessary to the United States' defense of this matter because Plaintiff seeks significant damages related to her alleged mental condition. Plaintiff seeks over four million dollars in damages attributable to her alleged psychological and emotional trauma.[1] The scope of damages is expected to be a significant issue in this case.

In a computation of damages sought in this matter, "Plaintiff estimates that an appropriate award for past and future pain and suffering, including mental anguish, emotional distress, loss of recreational activity, and loss of enjoyment of life, is at least $3,080,000." Ex. A. at 8. Plaintiff also asserts that she will need therapy twice a month for the rest of her life related to the

---

[1] *Compare* Ex. A at 7–8 (seeking over $4 million dollars), *with* Ex. B at 1 (seeking $2 million dollars in an administrative tort claim).

incident, which she anticipates will cost $100,800. Ex. A. at 7–8. Further, Plaintiff ascribes "adrenal fatigue" to the incident, ostensibly related to alleged psychological and emotional trauma. Plaintiff anticipates medical expenses of at least $210,000 for adrenal fatigue treatment. Ex. A. at 7–8. Plaintiff also insists that all of the treatment she receives reduces her earning capacity and business opportunities as an immigration attorney. Ex. A at 8. Plaintiff seeks $901,200 for future lost earnings associated with treatment, $39,000 for past lost earnings associated with treatment, and $35,000 for past loss of business opportunity associated with treatment. *Id.*

Plaintiff further asserts that the incident caused her to install security equipment at a cost of $2,383. Ex. C at 2–4.

3. The United States lacks an ability to obtain the relevant information by other means

When determining whether need for an examination exists, a "court must examine the ability of the movant to obtain the desired information by other means." *Ray*, 2021 WL 4950842, at *3 (citations omitted). When information is unavailable through another avenue, there is good cause to order a Rule 35 examination. *Id.* (citations omitted).

Here, there is no discovery device other than an independent mental examination that would permit the United States to assess Plaintiff's mental condition and the extent of any damages fully and independently. Moreover, no alternative discovery device would permit the United States to present any discovered information to the Court in a manner that complies with Federal Rule of Civil Procedure 26. In contrast, Plaintiff has unlimited access to examine her own mental condition through retained or treating providers.

4. Plaintiff has designated a treating provider as a trial expert

Critically, the United States is not required to simply rely on Plaintiff's expert or experts regarding her alleged injuries and damages. "[C]ourts have continually looked to whether the

6

plaintiff has retained his own experts, and whether he intends to prove his claims through their testimony at trial, as relevant to a finding of good cause." *Ornelas*, 292 F.R.D. 391–92; *see also Stillman*, 2019 WL 11851712, at *1.

In this case, Plaintiff has designated a treating provider as a trial expert. Ex. D at 1. Plaintiff's deadline for a supplemental designation of expert testimony has not yet occurred. However, Plaintiff asserts that "Victoria Ford, M.S., LMFT is Plaintiff's therapist and will testify regarding the treatment she has provided and will continue to provide to Plaintiff for the psychological harm that was caused by the incident that is the subject matter of this litigation." Ex. D at 1. Accordingly, it is clear that Plaintiff intends to prove her claims of severe mental injury through expert testimony at trial and good cause exists for Plaintiff to submit to an independent mental examination.

5. Time, place, manner, conditions, and scope of the examination

After a Court determines that a physical examination is appropriate under Rule 35(a)(1), its Order must "specify the time, place, manner, conditions, and scope of the examination, as well as the persons who will perform it." *See* Fed. R. Civ. P. 35(a)(2)(B). Courts generally refuse to "micromanage" an independent medical examination. *Stillman*, 2019 WL 3291570, at *3. This case presents one unique challenge, which is that Plaintiff is a practicing attorney. Accordingly, the United States submits that the Court should adopt a particular condition that "Plaintiff will not be required to answer questions or provide information about the substance of any confidential communications between Plaintiff and her legal clients." With that limited exception, Plaintiff should be ordered to submit to a mental examination under like conditions with any other plaintiff. *See, e.g.*, *Stillman*, 2019 WL 11851712, at *1.

## Conclusion

In conclusion, the United States respectfully suggests that the Court should order Plaintiff to submit to a mental examination as requested in the accompanying motion, and for any other or further relief as the Court deems just and proper.

Dated: October 17, 2022

                        Respectfully submitted,

                        Teresa A. Moore
                        United States Attorney

By    **/s/ Alan T. Simpson**
        Alan T. Simpson, Mo Bar No. 65183
        Assistant United States Attorney
        Western District of Missouri
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3130
        Facsimile: (816) 426-3165
        Email: alan.simpson@usdoj.gov
        ATTORNEY FOR DEFENDANT
        UNITED STATES OF AMERICA