# IN THE UNITED STATE DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANDREA MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-06135-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S EXPEDITED MOTION FOR RULE 35 MENTAL EXAMINATION

Before Defendant filed its Expedited Motion for Rule 35 Examination (Doc. 107), counsel for the parties engaged in extensive communication about the proposed examination. Plaintiff agreed to the examination. Counsel also agreed to most of the terms for the examination. Counsel, however, were unable to agree on the terms under which the examiner could be called as a witness at trial, whether the results of the examination could be disclosed to third parties or used for purposes unrelated to this action, whether Plaintiff would be required to provide information that is privileged, and a single point relating to the recording of the examination itself.

Exhibit 1 to this Response is an Order permitting the examination with the provisions Plaintiff proposed. Differences between Plaintiff's proposal and the proposed Order Defendant submitted are red-lined.

## I. THE ORDER SHOULD PRESERVE THE PARTIES' POSITIONS ON WHETHER PLAINTIFF MAY CALL THE EXAMINER AS A WITNESS AT TRIAL

Defendant takes the position that, if it does not call the examiner as a witness at trial, it may treat him as a consulting expert, under Fed R. Civ. P. 26(b)(4)(D), and that, Plaintiff, therefore, would not be permitted to call the examiner at trial. If Defendant does not call the witness at trial, Plaintiff's position would be that the examiner may not be treated as a consulting expert, and that

even if he could be treated as a consulting expert, Plaintiff would be permitted to call him at trial upon a showing of "exceptional circumstances" under Fed R. Civ. P. 26(b)(4)(D)(ii). Plaintiff, therefore, proposed that the Order preserve each party's position on the issue. Defendant rejected that proposal.

In *Cooper v. City of St. Louis*, 999 F.3d 1138 (8th Cir. 2021), the Eighth Circuit declined to decide whether a party who submits to a Rule 35 examination may call the examiner as a witness at trial. *Morris v. Mitsubishi Motors North America, Inc.*, 2011 WL 13228438 (E.D. Wash. 2011) pointed out that courts are split on the issue:

> Some district courts have found that by submitting to a Fed. R. Civ. P. 35 examination, a party is entitled to receive the Fed. R. Civ. P. 35 report and to depose the expert and/or call the expert to testify. *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 240 (N.D. Iowa 1996); *Crowe v. Nivison*, 145 F.R.D. 657 (D. Md. 1993); *Fitzpatrick v. Holiday Inns, Inc.*, 507 F. Supp. 979 (E.D. Pa. 1981). Other courts have held that a showing of exceptional circumstances is required before a re-designated consulting expert's opinions may be admitted at trial by the opposing party. *See Durflinger v. Artiles*, 727 F.2d 888 (10th Cir. 1984) (relying solely on the requirements of Rule 26(b)(4)(B) without reaching the issue of what is required under Rule 35 or the interplay between Rule 26 and Rule 25 [sic]); *Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458 (S.D.N.Y. 1995); *In re Shell Oil Refinery*, 132 F.R.D. 437 (E.D. La. 1990).

2011 WL 13228438, *2.

Here, the issue will not arise unless (a) Defendant declines to call the examiner at trial, (b) Plaintiff seeks to do so, and (c) Defendant objects to Plaintiff calling the examiner at trial. It would be a waste of judicial resources, therefore, to have the Court decide the issue now. It is necessary, however, to make clear now that Plaintiff is not *required* to designate the examiner as an expert – before Defendant is required to make its designations – in order to preserve any right she has to call the examiner at trial. Plaintiff's proposal makes that clear, establishes the party's positions on the issue, and preserves those positions.

2

**II.      THE ORDER SHOULD SPECIFY THE FEDERAL RULES AND THE PROVISIONS OF THE COURT'S ORDERS WITH WHICH DEFENDANT MUST COMPLY IF IT INTENDS TO CALL THE EXAMINER AT TRIAL.**

Plaintiff proposed that the Order specify that Defendant must comply with Federal Rule of Civil Procedure 26(a)(2) and Sections 3.I.7 and 7 of the Courts' Amended Scheduling Order (Doc. 103), if it intends to call Dr. Giakas at trial. Rule 35(b)(1) provides that a party who moved for the examination must, upon request, provide a copy of the examiner's report to the party or person who was examined. Rule 35(b)(2) sets forth content requirements for that report. The requirements for the contents of the report under Rule 35, however, are substantially different from the content requirements of Rule 26(a)(2)(B). Especially in light of Paragraph 7.a.3 of the Court's Amended Scheduling Order (Doc. 103) – prohibiting expert depositions without a Court order – there should be no room left for any argument against Defendant's obligation to submit a Rule 26(a)(2)(B) report, by the existing expert disclosure deadline, if it intends to call the examiner at trial.

**III.     THE ORDER SHOULD LIMIT DISCLOSURE OF THE EXAMINATION.**

Plaintiff proposed that the Order provide that the examiner "may disclose the examination, all information communicated in the examination, any conclusions he draws with respect to the examination, and the examination report only to the parties and their counsel, to be used solely for the purposes of this action." Defendant rejected the proposal.

The examination will entail private mental health information and assessments. There is no basis on which (a) the examiner should be permitted to make disclosures to third parties or (b) the examination should be used for any purpose other than this action.

**IV.     THE ORDER SHOULD PROTECT PRIVILEGED INFORMATION.**

Plaintiff proposed that the Order provide that she will not be required to answer questions or provide information about Plaintiff's strategy in prosecuting this action. Litigation strategy is

3

developed and communicated through consultation between attorneys and clients. It, therefore, is attorney-client privileged, protected as work product, or both. *Kemps LLC v. IPL, Inc.*, 2021 WL 5541800, \*11 (W.D. Mo. 2021) ("Billing records that reveal a client's motive in seeking representation, litigation strategy, or the specific nature of the services performed are privileged"); *Ingersoll v. Farmland Foods, Inc.*, 2011 WL 1131129, \*6 (W.D. Mo. 2011) (litigation strategy is protected by attorney-client privilege and work product doctrine). A party should not be required to disclose that information to an examiner retained by the opposing party.

**V.      THE ORDER SHOULD PRECLUDE SELECTIVE RECORDING OF THE EXAMINATION.**

Counsel for Defendant suggested that the examiner be given the discretion to record the examination electronically. Plaintiff did not object to the examination being recorded but proposed that, if any part of the examination were recorded, the entire examination must be recorded. Counsel for Defendant agreed. The Order that Defendant proposed to the Court, however, does not include these provisions.

Plaintiff's proposal adds back the provision against selective recording. Alternatively, Plaintiff would not object to a provision that precludes any electronic recording.

## CONCLUSION

Contrary to Defendant's suggestion, Plaintiff does not seek to have the Court "micromanage" the examination. Plaintiff's proposed Order includes a single point on electronic recording of the examination. The other provisions that Plaintiff requests govern issues of judicial procedure that are well within the Court's power to assure protection of Plaintiff's privacy interests, compliance with the Federal Rules of Civil Procedure and the Court's prior Orders, and basic fairness in judicial proceedings.

4

Date: October 28, 2022 Respectfully submitted,

*/s/ Gillian R. Wilcox*
Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, MO 64111
Phone: (816) 470-9933
Fax: (314) 652-3112
gwilcox@aclu-mo.org

Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Molly E. Carney, #70570MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, MO 63101
Phone: (314) 652-3114


/s/ *J. Emmett Logan*
J. Emmett Logan, #30019MO
Stinson LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Phone: (816) 691-2745
Fax: (816) 412-1250
elogan@stinson.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filing electronically on October 28, 2022, and delivered by operation of the Court's CM/ECF system to all counsel of record.

/s/ J. Emmett Logan