IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ANDREA MARTINEZ,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant*. | No. 5:19-cv-06135-FJG |

### [PLAINTIFF'S PROPOSED] ORDER

Currently pending before the Court is Defendant United States of America's Expedited Motion for Rule 35 Mental Examination of Plaintiff (Doc. # 107). Pursuant to Federal Rule of Civil Procedure 35, and for good cause shown, the Court hereby **GRANTS** Defendant United States of America's Expedited Motion for Rule 35 Mental Examination of Plaintiff (Doc. # 107) and **ORDERS** Plaintiff Andrea Martinez to submit to a mental examination by Dr. William J. Giakas, M.D., on **December 8, 2022**, as follows:

1. **Time.** The mental examination will take place on December 8, 2022, commencing at 9:00 a.m. The examination will last no more than four hours in duration—exclusive of breaks.

2. **Place.** The place of examination will be ACLU of Missouri Foundation, 406 West 34th Street, Suite 420, Kansas City, MO 64111.

3. **Examiner.** The mental examination will be conducted by William J. Giakas, M.D., a psychiatrist retained by the United States.

4. **Scope of Examination.** The scope of the examination may include oral, written, or visual communication or oral, written, or visual tests, but shall not include a physical examination of Plaintiff.

5. **Manner of Examination.** The manner of examination will be a standard forensic psychiatric examination, including a detailed mental status examination, assessing mood, affect, thought processes, cognitive functioning, and all related elements of an expert psychiatric mental status examination. The examination will include an interview by Dr. Giakas of Plaintiff, as well as a photograph of Plaintiff for Dr. Giakas's forensic records.

Dr. Giakas intends to obtain from Plaintiff:

a. a detailed description of current and past symptoms, including a thorough understanding of how these symptoms relate to the incident out of which this lawsuit arose, and how these problems negatively impact her life;

b. a detailed past medical history;

c. a detailed psychiatric history, including any previous pharmacological or psychological treatment for mental health symptoms;

d. a psychosocial history;

e. a substance use history;

f. a detailed family medical and family psychiatric history;

g. a history of any prior traumatic events in Plaintiff's life;

h. an understanding of Plaintiff's coping mechanisms and strategies; and

i. an understanding of any other elements of Plaintiff's history that impacts Plaintiff's claimed symptoms.

6. **Conditions of Examination.** The conditions of the examination shall be:

   a. No one other than Plaintiff and Dr. Giakas may attend or monitor the examination.

   b. Dr. Giakas's notes, tests, written materials, videotapes, recordings, and records concerning the examination will be preserved. If Dr. Giakas electronically records any portion of the examination, the entire examination must be electronically recorded.

   c. Plaintiff will not be required to answer questions or provide information about Plaintiff's strategy in prosecuting this action or the substance of Plaintiff's confidential interactions and confidential communications with her lawyers.

   d. Plaintiff will not be required to answer questions or provide information about the substance of any confidential communications between Plaintiff and her legal clients.

   e. Dr. Giakas may disclose the examination, all information communicated in the examination, any conclusions he draws with respect to the examination, and the examination report only to the parties and their counsel, to be used solely for the purposes of this action.

   f. By conducting the examination, Dr. Giakas does not assume the role of Plaintiff's physician and therefore has no obligation for treatment of Plaintiff's condition.

   g. Plaintiff will not be responsible for any costs or expenses incurred in conducting the examination or in the preparation of Dr. Giakas's report of the examination, if any, except as may otherwise be provided by the Federal Rules of Civil Procedure.

h. If the United States intends to call Dr. Giakas as a witness at trial, it shall comply with Federal Rule of Civil Procedure 26(a)(2) and Sections 3.I.7 and 7 of the Courts' Amended Scheduling Order (Doc. 103).

i. If the United States does not designate Dr. Giakas as a trial witness, Plaintiff shall not be required to designate him as an expert witness in order to preserve any right to call him at trial. Under those circumstances, Plaintiff may call Dr. Giakas, unless the Court determines that (A) he is a consulting expert and (B) he may not be called at trial over the United States' objection, under Federal Rule of Civil Procedure 26(b)(4)(D).

Date: _____
Kansas City, Missouri

_____
Fernando J. Gaitan, Jr.
United States District Judge