IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ANDREA MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-06135-FJG |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**Plaintiff's Reply Suggestions in Support of Motion to File Exhibits Attached to Plaintiff's Supplemental Rule 26(a)(2)(C) Expert Disclosures Under Seal (Doc. 113)**

The Court should grant Plaintiff leave to file her treating provider disclosures under seal. While it is true that Plaintiff is seeking damages in this case for physical injury and emotional distress, Plaintiff has not yet introduced testimony from her treating providers nor has she filed any substantive motions related to the treatment they have provided with this Court. The attachments that Plaintiff seeks to file under seal have been provided to counsel for Defendant in the regular course of discovery and therefore all parties have equal access to the information as they prepare their respective cases for trial. The purpose of filing the documents with this Court is to comply with the Amended Scheduling Order and this Court's specific requirements related to expert discovery. *See* Doc. 103. Pursuant to the requirements in the Administrative Procedures Manual for the Western District, on the same day the motion was filed, Plaintiff also provided the documents she seeks to file under seal via email for this Court's review. The Amended Scheduling Order requires that any expert report or disclosure be filed with this Court, it does not require that any such filing necessarily be made part of the public docket.

The common-law right of access to judicial records is not absolute nor should it apply in this context where the documents have not yet been presented with a substantive motion or for

the purposes of a hearing or trial. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). However, even if the documents are considered judicial records because of this Court's discovery requirements, the presumption of access can be overcome if the interests served by the right of access are outweighed by the interests served by maintaining confidentiality of the information sought to be sealed. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222-23 (8th Cir. 2013).

The Eighth Circuit has articulated a two-step test for determining whether the common-law right of public access applies. *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2013). First, the court must decide if the documents in question are "judicial records" within the scope of the common-law right of access. *Id*. This is a necessary condition for the right to apply. In other words, if the court finds that the documents are not "judicial records," the analysis ends there. There is no right of public access for non-judicial records. *McBurney v. Young*, 569 U.S. 221, 233 (2013). If the court finds that the documents are proper "judicial records," it must then consider whether the party seeking to prevent disclosure has overcome the common-law right of access by providing a compelling reason to keep the records under seal. *Flynt*, 885 F.3d at 511.

**I.       The treating provider summaries are not "judicial records" within the scope of the common-law right of public access.**

Contrary to the Defendant's assertions, not all documents filed in federal court are automatically judicial records. To support its erroneous proposition, the Defendant relies on the Eighth Circuit's holding in *IDT Corp*. However, there, the Eighth Circuit did not state that all documents filed in federal court are judicial records. In fact, the Eighth Circuit acknowledged that there was a viable argument that the document at issue was not a "judicial record," but it declined to further address the question because the parties failed to raise the issue. *Id*. at 1223 ("There may be a historical case to be made that a civil complaint filed with a court, but then soon dismissed pursuant to settlement, is not the sort of judicial record to which there is a

2

presumption of public access…. The companies, however, acquiesce in what appears to be a modern trend in federal cases to treat pleadings in civil litigation (*other than discovery motions and accompanying exhibits*) as presumptively public." (emphasis added)). And in another case on which the Defendant relies, *Krueger v. Ameriprise Financial, Inc.*, the court explicitly states that "not all documents filed by parties are 'judicial records'…." 2014 WL 12597948 (D. Minn. Oct. 14, 2014). Contrary to Defendant's position, therefore, not all documents filed with the court are "judicial records."

Here, at this juncture in the case, the treating provider summaries should not be considered "judicial records." Plaintiff filed these documents pursuant to this Court's discovery disclosure requirements in the Amended Scheduling Order. Doc. 103. Generally, discovery documents exchanged by the parties are not filed with the court, but rather exchanged only between the parties in the ordinary discovery process. 26.3(a)(2) ("Unless the Court orders otherwise and except as provided in Rule 26.3(d), a party must serve but not file the following discovery documents: … Disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2).")

Information exchanged by the parties during discovery is not subject to a common-law public right of access. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (pretrial discovery documents are "not public components of a civil trial"); *see also In re Gannett News Serv., Inc.*, 772 F.2d 113, 116 (5th Cir. 1985) ("The results of pretrial discovery may be restricted from the public."); *Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir. 2009) ("[T]here is no constitutional or common-law right of public access to discovery materials exchanged by the parties but not filed with the court. Unfiled discovery is private, not public."); *Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("[Discovery] documents are not part of the judicial record"); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or

3

criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation."). Even where discovery documents are the subject of a dispute – and therefore are filed with the court – they do not become judicial records. *IDT Corp.*, 709 F.3d 1223. Because the treating provider summaries are pretrial discovery documents, the common-law right of public access should not apply.

Just as discovery documents are not converted to judicial records by filing them in connection with a dispute, the filing of discovery documents pursuant to the Amended Scheduling Order does not make them "judicial records." There is "[n]o established right of public access to prejudgment records in civil cases." *Krueger*, 2014 WL 12597948, at *8. Rather, the "Court has discretion to deny access to documents filed, but not admitted into evidence or relied upon by the court." *Id*. The presumption of public access … only attaches to documents filed with the court *in support of merits-based motions*." *Id*. (emphasis supplied). *See also In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights."); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (The presumption attaches to "those materials which properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication."); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (noting that, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right"); *United States v. El–Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be

designated a judicial document."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("[T]here is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith."); *E.E.O.C. v. GMT, LLC*, 2012 WL 2871789, at *3 (D. Neb. July 12, 2012) (documents filed with discovery motions are generally not considered "judicial documents" and are not subject to the public right of access).

The treating provider summaries attached to Plaintiff's Rule 26 disclosures were not filed in support of a merits-based motion, have not been relied on by the court, and have not played a role in the adjudicative process. Plaintiff does not deny that the information contained in the summaries may become material to the outcome of a motion, hearing, or trial at a later date. But currently, the documents are merely part of routine discovery, and as such, they should remain sealed until they become relevant to a merits-based decision of this Court.

II.  **Even if the treating provider summaries were judicial records, Plaintiff's interest in the privacy of her personal health information outweighs the public's interest in access to the information because it is not yet material to the case.**

If the court finds that a document is a judicial record, it must still consider whether the party seeking to prevent disclosure has overcome the common-law right of access by providing a compelling reason to keep the records under seal. *Flynt*, 885 F.3d at 511. "The weight to be given to the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts. *IDT Corp.*, 709 F.3d at 1224. In other words, the presumption of access is weak if the documents are not material to a court's determination of an issue currently before it. *Id*. (portions of the complaint could be filed under seal because it "play[ed] only a negligible role in the performance of Article III duties"); *see also Riker v. Federal Bureau of Prisons*, 315 Fed.

5

Appx. 752, 755 (10th Cir. 2009) (the public's interest in access to a judicial record was "weak," because the court considered the documents "only to determine whether to seal them") *Marden's Ark*, *Inc.* 534 F. Supp. 3d 1038, 1045 (D. Minn. Apr. 15, 2021) (finding the presumption of public access applied to the documents at issue because they were filed with a motion to stay proceedings, the documents were relevant to that motion, and the court relied on the information in denying the motion).

Here, little weight should be given to the presumption of public access because the treating provider summaries are not relevant to the adjudication of any substantive motion presently before the court. Any presumption of access that might apply is weak, at best, and is outweighed by Plaintiff's interest in keeping her health information private until it becomes necessary to disclose. The public's interest in access to private health information can only outweigh an individual's privacy interest when the health information is material to the case. *Littlefield v. American Alternative Insurance Corp.*, 2022 WL 4355201, at *2 (E.D. Mo. Sept. 20, 2022) (sealing medical records that were not relevant to resolution of the issue and which would not interfere with interests being served by the common law right of access); *see also Feinwachs v. Minnesota Hosp. Ass'n,* 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (sealing the plaintiff's medical information because it was not at issue in the court's determination of the issue before it); *United States v. Hughes,* 2022 WL 19209, (E.D. Mo. Jan. 3, 2022) (recognizing a "right to privacy in one's medical information," court rejected a request to seal medical records in the context of a motion to reduce a prison sentence "on the basis of the very medical information [movant] seeks to keep from public view").

Because the information contained in the treating provider summaries is being provided in the regular course of discovery and is not yet material to any motion or claim being presented,

6

CORE/3520812.0002/178400611.1

Plaintiff's privacy interests easily outweigh any presumption of public access and this Court should grant Plaintiff's motion and allow her to file the disclosure exhibits under seal.

Respectfully submitted,

/s/ Gillian R. Wilcox
Gillian R. Wilcox, #61278
ACLU of Missouri Foundation
406 West 34th Street, Suite 420
Kansas City, MO 64111
Phone: (816) 470-9933
Fax: (314) 652-3112
gwilcox@aclu-mo.org

Anthony E. Rothert, #44827
Jessie Steffan, #64861
Molly Carney, #70570
Emily Lazaroff, #73811
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, MO 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
arothert@aclu-mo.org
jsteffan@aclu-mo.org
mcarney@aclu-mo.org
elazaroff@aclu-mo.org

J. Emmett Logan, #30019
Stinson LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Phone: (816) 691-2745
Fax: (816) 412-1250
elogan@stinson.com

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

The foregoing was electronically filed with the Clerk of Court using the CM/ECF system on November 21, 2022.

/s/ Gillian R. Wilcox