# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANDREA MARTINEZ, | ) |
| Plaintiff, | ) |
| | ) Case No.: 5:19-CV-06135-FJG |
| v. | ) |
| UNITED STATES OF AMERICA, ET AL., | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to File Exhibits attached to her Supplemental Rule 26(a)(2)(C) Expert Disclosures under seal (Doc. # 113) and defendant United States of America's Motion for Leave to File the Expert Report of Dr. Giakas with Limited Redactions Under Seal (Doc. # 129).

**I.   Plaintiff's Motion for Leave to File Exhibits attached to Supplemental Rule 26(a)(2)(C) Expert Disclosures Under Seal**

Plaintiff states she initially disclosed her treating experts pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (C) to all opposing counsel on January 15, 2021. Pursuant to an Amended Scheduling Order, supplemental expert reports were due on October 27, 2022. Because the expert witnesses being disclosed were treating providers, they were not required to provide written reports. However, plaintiff is still required to prepare a disclosure which lists: "(1) the subject matter on which the witness is expected to present evidence . . .; and (2) a summary of the facts and opinions to which the witness is expected to testify." A detailed summary of facts and opinions on which the treating experts are expected to testify will be submitted as exhibits to the disclosure document. Plaintiff states that the exhibits contain medical records, provider notes and treatment

summaries that are sensitive and have been designated as confidential pursuant to the Protective Order. Thus plaintiff is requesting leave to file under seal the four exhibits that will be attached to her Supplemental Expert Disclosures. The Government opposes the motion and states that the summaries should be publicly filed and only irrelevant information concerning third parties or information under Fed.R.Civ.P. 5.2 should be redacted.

The Government argues that the summaries are "judicial records" and in the Eighth Circuit, "all documents filed in federal court a[re] 'judicial records,' some of which enjoy a strong presumption of public access that is difficult to overcome, while others enjoy only a weak presumption that is easily overcome." Marden's Ark, Inc. v. UnitedHealth Grp., Inc., 534 F.Supp.3d 1038, 1042-43 (D.Minn. 2021)(citing IDT Corp. v. eBay Inc., 709 F.3d 1220 (8th Cir. 2013)).

In IDT Corp., the Court discussed what constitutes a "judicial record." The Court stated:

> The companies, however acquiesce in what appears to be a modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment, see San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1101–02 (9th Cir.1999); Siedle v. Putnam Inv., Inc., 147 F.3d 7, 8–10 (1st Cir.1998), or resolved by settlement, see Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1015 (11th Cir.1992); Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 343 (3d Cir.1986). The companies argue only that the interests of the parties in protecting confidential information outweighed the public's generalized interest in access. Whatever the merit of a narrower approach to the meaning of "judicial record," the companies here have waived any claim to its application.

Id. at 1223. In Marden's Ark, the Court stated:

> Consistent with Eighth Circuit precedent and the trend within this District, this Court rejects the proposition that any documents filed in federal court by a litigant seeking to obtain a judicial order can be deemed not to be "judicial records," depending on the nature of the motion with

> which they were filed. Rather, all documents properly *filed* by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access. Whether the presumption of public access is overcome will depend on the strength of the presumption, which in turn depends on "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." IDT Corp., 709 F.3d at 1224.

Id. at 1044-45 (emphasis added).

The Government assumes without discussion that the documents in question are judicial records and argues that plaintiff has not asserted any particularized or compelling reasons to seal the summaries of anticipated testimony from the treating providers. The Government states that it can only speculate that plaintiff wishes to seal this information to avoid embarrassment from the disclosure of information related to her medical and mental states. The Government argues however that she lacks an arguable interest in delaying the eventual disclosure of information which is essential to her claims.

Plaintiff argues that that treating provider summaries are not "judicial records." Plaintiff states that the treating provider summaries were provided to defendants pursuant to the Court's Scheduling Order. Plaintiff notes that numerous courts have held that discovery documents or information exchanged by the parties during discovery are not subject to the common law public right of access. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)(pretrial discovery documents are "not public components of a civil trial"); In re Gannett News Serv., Inc., 772 F.2d 113, 116 (5th Cir. 1985)("The results of pretrial discovery may be restricted from the public."); Bond v. Utreras, 585 F.3d 1061, 1066 (7th Cir. 2009)("[T]here is no constitutional or common-law right of public access to discovery materials exchanged by the parties but not filed with the court. Unfiled discovery is private, not public."). Plaintiff argues that "the

3

presumption of public access . . . attaches to documents filed with the court in support of merits-based motions." Krueger v. Ameriprise Financial, Inc., No. 11-2781 (SRN/JSM), 2014 WL 12597948, *8 (D.Minn. Oct. 14, 2014).

The Court will first examine the question of whether the exhibits are "judicial documents." The documents which plaintiff seeks to file under seal contain more detailed summaries of facts and opinions to which the treating expert witnesses are expected to testify. These exhibits contain medical records, provider notes and treatment summaries. As discussed above, the Scheduling Order states that if a witness, like a treating provider, is not required to provide a written report, the party naming the witness must prepare a disclosure indicating (1) the subject matter on which the witness is expected to present evidence under Federal Rule 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify.

The Court's Local Rule regarding the filing of discovery documents states in part:

**26.3 Non-Filing of Discovery Documents**

    **(a) Discovery Documents Not to be Filed.** Unless the Court orders otherwise and except as provided in Rule 26.3(d), a party must serve *but not file* the following discovery documents:
    . . .
    **2.** Disclosure of expert testimony under Fed.R.Civ.P. 26(a)(2).

  **(b) Filing of Certificate of Service Required**. A party must file a certificate of service when it serves any discovery documents.
  . . .
  **(d) Filing Required for Discovery Disputes**. If a party files a motion placing a discovery matter in dispute, the party must contemporaneously file copies of the relevant discovery materials.

(W.D. Local Rule 26.3)(emphasis added).

Because the Local Rule states that expert disclosures should only be served on opposing counsel and not filed, the Court finds that the exhibits do not qualify as judicial records to which the public right of access attaches. As noted by the Court in Hudock v.

LG Electronics U.S.A, Inc., No. 0:16-CV-1220-JRT-KMM, 2020 WL 2848180 (D.Minn. June 2, 2020), "[i]f the documents are not 'judicial records,' then the Court applies a 'good cause' standard to determine whether the material should be sealed." Id. at *2 (quoting Krueger, 2014 WL 12597948, at *11 [D.Minn. Oct. 14, 2014)]). "The party seeking to seal such documents must demonstrate, pursuant to Fed.R.Civ.P. 26(c), that continued sealing is needed to protect it from 'annoyance, embarrassment, oppression, or undue burden or expense. . ..'" Id. at *2. In the instant case, the Court finds that plaintiff has met the "good cause" standard for sealing the exhibits attached to her supplemental expert disclosures as the exhibits contain medical records, provider notes and treatment summaries which contain private, personal health information. See Olson v. Kopel, Civ. No. 14-3975 (DWF/SER), 2016 WL 452132, *2 (D.Minn. Feb. 5, 2016)(Finding good cause the Court sealed documents related to plaintiff's medical conditions). Accordingly, plaintiff's Motion for Leave to File Exhibits attached to her Supplemental Rule 26(a)(2)(C) Expert Disclosures under seal is hereby **GRANTED** (Doc. # 113). Plaintiff shall be permitted to file these exhibits under seal.

    **II.**    **Defendant's Motion for Leave to File Expert Report with Limited Redactions Under Seal.**

The United States has filed a Motion seeking leave to file under seal a copy of the Expert Report of William J. Giakas, M.D. with limited redactions and for leave to file a more extensively redacted copy of the Report on the public docket. The Government states that the parties have reached a tentative agreement on redactions to the publicly filed version of the Report. The Government indicates that they agree to redactions concerning plaintiff's prior medical treatment and therapy for the time being, pending the Court's ruling on Plaintiff's Motion to Seal. The Government states that the parties also agree to certain redactions in the report concerning a prior traumatic event in plaintiff's

life. The Government states that the specifics of the redacted prior traumatic event can be omitted from the public docket. Accordingly, for good cause shown, United States' Motion for Leave to File Under Seal a Copy of the Report of William J. Giakas, M.D. with limited redactions and a more extensively redacted report on the public docket is hereby **GRANTED** (Doc. # 129).

Date: January 25, 2023
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge