IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

ANDREA MARTINEZ,

   *Plaintiff*,

v.               No. 5:19-cv-06135-FJG

UNITED STATES OF AMERICA,

   *Defendant*.

**MOTION FOR PARTIAL SUMMARY JUDGMENT
TO LIMIT ECONOMIC DAMAGES AND
AS TO COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

 Defendant the United States of America moves the Court to enter an order: (1) limiting Plaintiff's economic damages in this matter to $11,425.91; and (2) granting judgment in favor of the United States on Count V of the Complaint – Negligent Infliction of Emotional Distress. The uncontroverted material facts show Plaintiff cannot prove economic damages in excess of $11,425.91. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Further, Plaintiff cannot prove essential elements of Plaintiff's claim for negligent infliction of emotional distress. *See id.*

 "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). A court must grant a motion for summary judgment if the moving party shows that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. *Id*. After the parties have had adequate time for discovery, a movant will be entitled to summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 327. The movant bears the initial responsibility of informing the

district court of the basis for its motion and must identify the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). The Supreme Court in *Celotex* said that the burden on the movant "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325. This initial burden on the movant is "far from stringent" and "regularly discharged with ease." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citation omitted). Once the moving party satisfies this initial burden, the nonmoving party "must respond by submitting evidentiary materials" of specific facts showing the presence of a genuine issue for trial. *Torgerson*, 643 F.3d at 1042. The nonmoving party must present enough evidence that a factfinder could reasonably find in his favor. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012).

Plaintiff has the burden to prove economic damages with reasonable certainty. "It is Missouri's well-settled rule that a plaintiff is entitled to full compensation for past or present injuries that the plaintiff has shown by a preponderance of the evidence were caused by the defendant. *See* MAI 4.01." *Swartz v. Gale Webb Transp. Co.*, 215 S.W.3d 127, 130–31 (Mo. banc 2007). *Cf. Thomas v. FAG Bearings Corp. Inc.*, 846 F. Supp. 1400, 1408 (W.D. Mo. 1994) ("Like all other elements of damage in Missouri, future damages in a personal injury action are not compensable unless reasonably certain to occur." (internal quotations and

citation omitted)). "In order to recover, plaintiffs must prove that the [damage] is a reasonable certainty." *Id.* No evidence suggests Plaintiff had or will have economic damages caused by the incident apart from medical bills for care to Plaintiff's knee and foot totaling $11,425.91.

Moreover, Plaintiff has the burden to prove causation for each alleged item or category of economic damage. *Swartz*, 215 S.W.3d at 130–31. With respect to Plaintiff's claims for economic damage predicated on any emotional distress injury, Plaintiff has the burden to prove causation with expert evidence. *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000). "Under Missouri law, 'a causal connection between an event and an injury may be inferred in cases in which a visible injury or a sudden onset of an injury occurs.' *Soper v. Bopp*, 990 S.W.2d 147, 157 (Mo. App. W.D. 1999)." *Id.* "However, when the injury is a 'sophisticated' one, i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony." *Id.* (citation omitted). "Under Missouri law, emotional distress injuries are considered 'sophisticated' ones, outside the realm of lay understanding. Those injuries must be established through expert testimony . . . ." *Id.* [1]

For similar reasons, Plaintiff's cannot prove essential elements of Plaintiff's claim for negligent infliction of emotional distress (Count V), and the Court should grant judgment in favor of the United States on that claim. Under Missouri law, "[t]o recover damages for emotional distress, a plaintiff must show that . . . the emotional distress or mental injury must be

---

[1] The United States does not by this motion seek to limit the amount of noneconomic damages Plaintiff may recover for a claim based on alleged garden variety emotional distress. *Cf. Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011) (describing "garden variety emotional distress" injuries constituting "ordinary and commonplace emotional distress" that is "simple or usual," as compared to complex distress resulting in a specific psychiatric disorder).

3

medically diagnosable and must be of sufficient severity so as to be medically significant. *Bass v. Nooney Co.*, 646 S.W.2d 765, 772 (Mo. banc 1983)." *Pendergist v. Pendergrass*, 961 S.W.2d 919, 923 (Mo. App. W.D. 1998) (claim for negligent infliction of emotional distress).

Plaintiff's claim for negligent infliction of emotional distress also fails as a matter of law. The uncontroverted material facts do not establish negligence; they establish only alleged intentional conduct for which the tort of negligent infliction of emotional distress will not lie. *See*, *e.g.*, *See State ex rel. Halsey v. Phillips*, 576 S.W.3d 177 (Mo. banc 2019) (emotional distress claims must have factual and legal basis independent of other common law tort claims). To the extent Plaintiff's Complaint can be read to encompass any allegations of negligence, Plaintiff cannot show the breach of any actionable duty, causation, or that any act involved an unreasonable risk of causing Plaintiff emotional distress.

WHEREFORE the United States of America moves the Court to enter an order: (1) limiting Plaintiff's economic damages in this matter to $11,425.91; (2) granting judgment in favor of the United States on Count V of the Complaint – Negligent Infliction of Emotional Distress; and (3) granting the United States such other and further relief as is just and proper.

Date: March 31, 2023

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    ***/s/ Alan T. Simpson***
Alan T. Simpson, Mo. Bar No. 65183
Assistant United States Attorney
Western District of Missouri
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
Email: alan.simpson@usdoj.gov
ATTORNEY FOR THE UNITED STATES